UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

　　　　Plaintiff,

　　v.

CONTRA COSTA COUNTY SUPERIOR COURT,

　　　　Defendant.

No.  2:26-cv-00142-DC-SCR

ORDER TO SHOW CAUSE

Plaintiff John Brosnan is proceeding in this action pro se, which is referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed several motions, and the Court now denies Plaintiff's motions to e-file.  ECF Nos. 12 & 14. The Court has reviewed the First Amended Complaint and sua sponte directs Plaintiff to show cause why the action should not be dismissed.

**I.　　Background and Procedural History**

Plaintiff filed his complaint pro se on January 16, 2026.  The Complaint named one Defendant, Contra Costa County (the "County"), and alleged one count for violation of the First Amendment.  ECF No. 1 at 3.  Plaintiff alleged he "made errors" in the year 2000 and was placed on the vexatious litigant ("VL") list in California state court.  *Id.* at ¶ 22.  Plaintiff alleged that the County knew he did not meet the requirements for the VL list, but has not removed him.  Plaintiff

1

claims this prevented him from filing a small claims lawsuit about the theft of his catalytic converter.  *Id.* at 2-3.

On February 20, 2026, the County appeared and filed a motion to dismiss.  ECF No. 8.  In the motion, the County stated: "First, the County is a distinct entity from the Contra Costa County Superior Court; only the latter entity is responsible for determining whether someone is, or is not, a vexatious litigant."  ECF No. 8 at 3.  On March 9, 2026, Plaintiff filed a First Amended Complaint ("FAC"), which dropped the County as a defendant and instead named Contra Costa County Superior Court ("CCSC") as a Defendant.  ECF No. 15 at ¶ 10.  Plaintiff has not filed a return of service as to CCSC, and CCSC has not filed an answer or other responsive pleading.  The allegations in the FAC are quite similar to the original complaint and Plaintiff alleges one count of First Amendment violation for failure to remove him from the VL list.  Plaintiff seeks $7 million in damages from CCSC and an order directing removal from the VL list.

In the one month between February 26, 2026, and March 27, 2026, Plaintiff has also filed five motions – two seeking to e-file (ECF Nos. 12 & 14) and three seeking removal from the VL list (ECF Nos. 11, 20, & 22).

## II.      Analysis

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).  *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987).  A court may even do so "without notice where the claimant cannot possibly win relief."  *Id.*  A court must consider its subject matter jurisdiction sua sponte.  *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Here, Plaintiff names one defendant, a superior court of the State of California.  California superior courts have Eleventh Amendment immunity.  *See Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9thCir. 2024) (explaining a superior court is an arm of the state and has sovereign immunity).  In *Munoz*, the Ninth Circuit affirmed the district court's dismissal and stated: "We lack jurisdiction over these claims because actions against state courts and state court judges in their capacity are barred by Eleventh Amendment immunity."  *Id*. at 979.  In *Munoz*, the court also discussed the *Ex parte Young* exception and stated that "plaintiffs can sometimes sue state officials for prospective injunctive relief to prevent future statutory or constitutional harms"

2

but that the exception applies only in "narrow circumstances." *Id*. at 980.  The Ninth Circuit then found the *Ex parte Young* exception "does not apply because the Superior Court cannot be sued in an individual capacity."  *Id*.  It appears that the instant action should be dismissed for the reasons stated in *Munoz*, and that the only named defendant, CCSC, has Eleventh Amendment immunity.  Plaintiff will therefore be directed to show cause why the action should not be dismissed.

The Court will not address the motions seeking removal from the VL list (ECF Nos. 11, 20, & 23) at this time because if CCSC is entitled to Eleventh Amendment immunity, then the Court lacks jurisdiction.  Further, CCSC has not yet appeared in the action.  The Court will address the procedural motions concerning e-filing.

### III.    Motions to E-File

Plaintiff proceeds pro se and has filed two motions for permission to file documents electronically through the Court's CM/ECF system, rather than in paper format as generally required of pro se litigants.  ECF Nos. 12 & 14.  A Local Rule of this Court provides that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge."  LR 133(b)(2).  This Local Rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing.  *See, e.g.*, *Baker v. IC Sys., Inc.*, No. CV-08-8091-PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

Further, Plaintiff alleges he has been found to be a vexatious litigant in state court, and has already shown a propensity for filing duplicative motions in this Court.  *See* ECF No. 23.  These unnecessary filings signal to the Court the potential for abuse if electronic filing is permitted.  Plaintiff's motions for electronic case filing do not present good cause to deviate from the default under the Local Rules.  The motions are DENIED.

### IV.    Conclusion

**IT IS HEREBY ORDERED** that:

1.  Plaintiff's motions to e-file (ECF Nos. 12 & 14) are DENIED.

3

2. **Plaintiff shall show cause, in writing, within 14 days of the date of this Order**, why this case should not be dismissed based on Eleventh Amendment sovereign immunity.  Any legal brief filed in response to this Order shall be limited to no more than 10 pages.

3. If Plaintiff fails to respond, the court will recommend dismissal of the case.

SO ORDERED.

DATED: May 1, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4