UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN, | No. 2:26-cv-00142-DC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CONTRA COSTA COUNTY SUPERIOR COURT, | |
| Defendant. | |

Plaintiff John Brosnan is proceeding in this action pro se, which is referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court has reviewed Plaintiff's response to the Order to Show Cause ("OSC") and now recommends that this action be dismissed.

**I.     Background and Procedural History**

Plaintiff filed his complaint pro se on January 16, 2026. The Complaint named one Defendant, Contra Costa County (the "County"), and alleged one count for violation of the First Amendment. ECF No. 1 at 3. Plaintiff alleged he "made errors" in the year 2000 and was placed on the vexatious litigant ("VL") list in California state court. *Id.* at ¶ 20. Plaintiff alleged that the County knew he did not meet the requirements for the VL list, but has not removed him. Plaintiff claimed this prevented him from filing a small claims lawsuit about the theft of his catalytic converter. *Id.* at 2-3.

1

On February 20, 2026, the County appeared and filed a motion to dismiss. ECF No. 8. In the motion, the County stated: "First, the County is a distinct entity from the Contra Costa County Superior Court; only the latter entity is responsible for determining whether someone is, or is not, a vexatious litigant." ECF No. 8 at 3.

On March 9, 2026, Plaintiff filed a First Amended Complaint ("FAC"), which dropped the County as a defendant and instead named Contra Costa County Superior Court ("CCSC") as a Defendant. ECF No. 15 at ¶ 10. Plaintiff has not filed a return of service as to CCSC, and CCSC has not filed an answer or other responsive pleading. The allegations in the FAC are quite similar to the original complaint and Plaintiff alleges one count of First Amendment violation for failure to remove him from the VL list. Plaintiff seeks $7 million in damages from CCSC and an order directing removal from the VL list.

In the month between February 26, 2026, and March 27, 2026, Plaintiff also filed five motions – two seeking to e-file (ECF Nos. 12 & 14) and three seeking removal from the VL list (ECF Nos. 11, 20, & 22). The Court has denied the motions to e-file. ECF No. 24. On May 4, 2026, the Court issued an OSC directing Plaintiff to show cause why the action should not be dismissed because the only Defendant, CCSC, is entitled to Eleventh Amendment immunity. ECF No. 24. On May 13, 2026, Plaintiff timely filed a response. ECF No. 25.

**II.    Analysis**

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). *See Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987). A court must also consider its subject matter jurisdiction sua sponte. *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Plaintiff names one defendant, a superior court of the State of California. The superior court has Eleventh Amendment immunity. *See Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (explaining that a superior court is an arm of the state and has sovereign immunity). In *Munoz*, the Ninth Circuit affirmed the district court's dismissal and stated: "We lack jurisdiction over these claims because actions against state courts and state court judges in their judicial capacity are barred by Eleventh Amendment immunity." *Id*. at 979. In *Munoz*, the court also discussed the *Ex parte Young* exception and stated that "plaintiffs can sometimes sue

state officials for prospective injunctive relief to prevent future statutory or constitutional harms" but that the exception applies only in "narrow circumstances." *Id*. at 980.  The Ninth Circuit then found the *Ex parte Young* exception "does not apply because the Superior Court cannot be sued in an individual capacity." *Id*.

Plaintiff's response to the OSC does not show that CCSC can properly be sued in this action.  Plaintiff argues that immunity "does not apply when a mandatory duty is violated." ECF No. 25 at 1.  Plaintiff does not explain this point, or cite any authority.  Plaintiff appears to argue, relying on the California Code of Civil Procedure, that he does not meet the requirements to be maintained on the VL list.  Plaintiff concludes his argument by stating, again without citing any legal authority, that immunity does not apply because the state court is violating his civil rights by not removing him from the VL list.  *Id*. at 2.

The Court finds that the only named defendant in this action, CCSC, has Eleventh Amendment immunity and therefore recommends this action be dismissed for the reasons stated in *Munoz*.  Even if CCSC was not entitled to immunity, Plaintiff fails to state a claim for violation of his First Amendment rights.  Plaintiff has previously brought unsuccessful challenges to California's VL statute.  *See Brosnan v. Newsom*, 2:24-cv-03639-TLN-SCR ("*Brosnan I*") and *Brosnan v. State of California*, 2:25-cv-00741-DC-CSK ("*Brosnan II*").  In *Brosnan I*, Plaintiff alleged that being on California's VL list violated his First and Fourteenth Amendment rights.  The Court dismissed *Brosnan I* for failure to state a claim.  ECF Nos. 9 & 12.  In *Brosnan II*, Plaintiff alleged that he was improperly on the VL list and that the State of California was violating his First Amendment rights to file a lawsuit.  ECF No. 4.  In dismissing the action, the Court found that the complaint was "without merit and that the only defendant is immune from suit."  ECF No. 7 at 6.

The California VL statute has been challenged on "numerous constitutional grounds." *See Wolfe v. George*, 486 F.3d 1120, 1123 (9th Cir. 2007).  In *Wolfe*, the plaintiff made several constitutional arguments, including that the VL statute violated his First Amendment right to petition and Fourteenth Amendment due process and equal protection rights.  *Id*. at 1124.  The Ninth Circuit began by noting that the VL statute does not preclude all in pro per litigation by a

3

VL, as it "permits" a VL to file a lawsuit "if it appears that the litigation has merit and has not been filed for the purpose of harassment or delay." *Id*. (quoting Cal. Code of Civ. P. § 391.7(b)). The Ninth Circuit stated:

> The California vexatious litigant statute is not unconstitutionally vague, because it "give[s] 'fair notice to those who might violate the statute.'" It is not overbroad, because there is no constitutional right to file frivolous litigation. "Just as false statements are not immunized by the First Amendment right to freedom of speech, ... baseless litigation is not immunized by the First Amendment right to petition." Under the California statute, a vexatious litigant may file potentially meritorious claims not intended solely to harass or delay, so the courthouse doors are not closed to him. *Id*. at 1125 (citations omitted).

The Ninth Circuit also clearly addressed and rejected the Fourteenth Amendment challenge: "The California statute does not violate equal protection. Frequent pro se litigants are not a suspect class meriting strict scrutiny." *Id.* at 1126. The Ninth Circuit additionally rejected the due process argument that the VL statute created a financial barrier to accessing the courts, stating, "the California vexatious litigant statute does not deprive [plaintiff] of the opportunity to vindicate a fundamental right in court." *Id*.

The Ninth Circuit has subsequently found First Amendment challenges to California's VL statute to be "foreclosed by *Wolfe*" and stated the argument that the statute "impermissibly chills the First Amendment right to access the courts is meritless." *Sargent v. Cantil-Sakauye*, 812 F. App'x 682, 683 (9th Cir. 2020); *see also Kobayashi v. Racho*, 271 F. App'x 692 (9th Cir. 2008) ("The district court properly dismissed for failure to state a claim [plaintiff's] challenges to the constitutionality of California's vexatious litigant statutes because those statutes are constitutional.").

California's state appellate courts have also upheld the VL statute. In *Caron v. Cal. State Board of Pharm*., 2022 WL 16943036, *11 (Cal. Ct. App. 2022), the Fourth District Court of Appeal "reach[ed] the same conclusion numerous courts before us have reached: the vexatious litigant statutes are constitutional." (Internal quotation and citations omitted). The *Caron* court rejected an argument that the VL statute was an unconstitutional burden on access rights for the indigent, stating "there is no merit to Caron's contention that the vexatious litigation statues

4

impermissibly burden indigent litigants' access to the court system or their right to petition the government for redress." *Id.* at *10; *see also In re Marriage of Richards*, 2023 WL 3243530, *9 (Cal. Ct. App. 2023) ("State and federal courts have repeatedly rejected constitutional challenges to vexatious litigant statutes.") (discussing four such cases). The California VL statute also provides a procedure for being removed from the VL list. *See* Cal. Code of Civ. P. § 391.8(a) ("A vexatious litigant subject to a prefiling order under Section 391.7 may file an application to vacate the prefiling order and remove his name from the Judicial Council's list of vexatious litigants subject to prefiling orders. The application shall be filed in the court that entered the prefiling order . . . The application shall be made before the justice or judge who entered the order[.]").

Defendant CCSC is entitled to immunity, and the FAC fails to state a claim. The Court finds that leave to amend would be futile.

**III.    Conclusion**

**IT IS HEREBY RECOMMENDED** that:

1.  This action be dismissed because Defendant Contra Costa County Superior Court is entitled to Eleventh Amendment immunity.

2.  Plaintiff's motions for removal from the vexatious litigant list (ECF Nos. 11, 20, & 22) be denied as moot because the action is being dismissed and the Court lacks jurisdiction to entertain the motions.

3.  The Clerk be directed to enter judgment against Plaintiff and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

////

////

5

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: June 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE